## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENISE FREEMAN,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ALLENTOWN SCHOOL DISTRICT,** | : | **NO. 17-4142** |
| **Defendant.** | | |

## MEMORANDUM

**STENGEL, C.J.**                                                    **OCTOBER 4, 2017**

Plaintiff Denise Freeman filed this civil action against the Allentown School District. Plaintiff also filed a motion to proceed *in forma pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, because it appears she is incapable of paying the fees necessary to commence this action. However, the Court will dismiss plaintiff's complaint.

In her complaint, plaintiff alleges that she is "concerned with the health and welfare of [her] children."[1] Plaintiff asserts that her one minor child was referred to the Upward Bound program, a program designed for students to prepare for college "through academics and a six week experience away from home." Plaintiff's other child was not given the opportunity to participate in the program despite showing interest. Plaintiff's child was eventually removed from the Upward Bound program because she did not complete the work. Overall, Plaintiff is upset over the structure of the Upward Bound program and that her children were unable to fully participate in the program.

---

[1] In her motion to proceed *in forma pauperis*, plaintiff represents that her three minor grandchildren rely on her for support. These are the same three minors she references in her complaint. Plaintiff does not clarify, however, whether she has physical and legal custody of the three minors.

To the extent plaintiff is raising claims based on alleged injuries sustained by her children, plaintiff lacks standing, as she may not raise claims based on injuries to sustained by another. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" (quotations omitted)). Moreover, a pro se litigant, such as plaintiff, who is not an attorney may not pursue claims on behalf of anyone other than herself. *See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991). To the extent plaintiff is raising claims based on injuries she claims to have sustained as a result of the defendant's conduct, her claims are legally meritless because the Court cannot discern a legal basis for a claim against the defendant based upon their treatment of plaintiff's children. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[2]

For the foregoing reasons, the Court will dismiss plaintiff's complaint for lack of standing. This dismissal will be without prejudice to plaintiff's right to obtain an attorney who may file a complaint on behalf of plaintiff's children. An appropriate order follows, which shall be docketed separately.

---

[2] Plaintiff references 18 U.S.C. § 3509, which sets forth the rights of child victims and child witnesses in federal criminal matters. However, § 3509 does not provide plaintiff with a private cause of action. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]").